## STATE OF OKLAHOMA *v.* STATE OF TEXAS.

## UNITED STATES, INTERVENER.

### IN EQUITY.

No. 13, Original.  Orders entered January 19, 1925.

Receivership Orders: 1 and 2. For payments to Kirby Petroleum Company by way of reimbursement for expense of drilling certain wells prior to receivership.

3. Requiring one Testerman to accept within 40 days moneys hereinbefore allowed him (265 U. S. 516, Par. 11) in discharge of claim; otherwise claim to be deemed abandoned and moneys paid to Secretary of Interior for United States.

4. Requiring contesting claimants as to expense of drilling of Burke-Senator well prior to receivership to adjust differences and accept reimbursement (265 U. S. 516, Par. 13) or show cause why claims should not be denied and moneys paid to Secretary of Interior for United States.

5 and 6. Pursuant to stipulations, moneys derived from certain wells to be paid to persons named as trustees, to hold pending determination of rights of rival claimants through litigation in Texas courts.

7. Motion of Texas for leave to file claim of interest in part of impounded funds denied because claim not presented within time hereinbefore limited (265 U. S. 518, Par. 18,) and of inequitable results were it now entertained.

8. Conflicting claims to funds derived from various wells referred to a special master to take evidence and report it with findings of fact, conclusions of law and recommendations; special directions as to time limits of proceedings, exceptions, authority to subpœna witnesses, use of existing evidence, allowances and expenses of master.

9. Disputed funds referred to in par. 8, may be paid over by receiver in accordance with stipulations of claimants effecting settlement or providing for further settlement by media other than this Court, provided such stipulations be filed before time fixed for taking of evidence by special master.

On consideration of the thirteenth report of the receiver herein the court makes the following orders:

1. The receiver is instructed to pay the net proceeds derived from well 155 amounting to $4,514.47, to the Kirby Petroleum Company by way of partly reimbursing it for expense incurred by it or its predecessor in drilling that well prior to the receivership—such payment to be in full discharge of all possible claims against the receivership by reason of that work and expense.

2. The receiver is instructed to pay a balance of $1,097.76 out of the net proceeds of well 156 to the Kirby Petroleum Company on its claim for expense incurred by it or its predecessor in drilling that well prior to the receivership—such payment to be in full discharge of all possible claims against the receivership by reason of that work and expense.

3. Unless within forty days from this date Tom Testerman shall accept the moneys directed to be paid to him by paragraph 11 of the order of June 9, 1924, in discharge of the claim therein described, he shall be deemed to have abandoned that claim and the moneys reserved to cover the same shall be paid over by the receiver to the Secretary of the Interior, as the representative of the United

States, as a part of the net impounded funds derived from the receiver's operations within the river-bed area. The receiver is instructed to deliver or transmit forthwith to Tom Testerman a copy of this order.

4. Unless within forty days from this date the operators who presented claims for reimbursement out of the proceeds of well 139 (known as the Burke-Senator well) for the cost of drilling that well prior to the receivership shall adjust the differences between them and accept reimbursement as contemplated in paragraph 13 of the order of June 9, 1924, they are directed to show cause, within five days after the expiration of that period, why those claims should not be denied and why the moneys reserved to cover them should not be paid over to the Secretary of the Interior, as the representative of the United States, as part of the net impounded funds derived from river-bed wells. The receiver is instructed to deliver or transmit forthwith to such claimants copies of this order.

5. Pursuant to a stipulation made and presented by the conflicting claimants thereto, the receiver is instructed to pay the balance of the net royalty interest in the proceeds of wells 97, 98, 99, 100, 102, 109, and 119 to A. H. Carrigan, as the joint agent and trustee of such claimants, to the end that he, according to such stipulation, may deposit such moneys in the First National Bank of Wichita Falls, Texas, there to be held to await the outcome of litigation now pending in the courts of Texas to determine the rights of such claimants in such royalty interest.

6. Pursuant to a stipulation made and presented by the conflicting claimants thereto, the receiver is instructed to pay to Rhea S. Nixon, Receiver of the Southwest Petroleum Company and trustee of certain claimants, 27/96 of the net balance of the operating interest in the proceeds of well 180 (after deducting the overriding royalty belonging to C. J. Ferguson), and also to pay to the Security

National Bank of Wichita Falls, Texas, 1/6 of the said balance—the 27/96 to be held by Rhea S. Nixon, as receiver and trustee, to await the outcome of litigation now pending in the courts of Texas to determine the rights of those who are claiming interests therein, and the 1/6 to be held by the Security National Bank to await the outcome of litigation now pending in those courts to determine the rights of those who are claiming interests therein.

7. The motion of the State of Texas presented January 16, 1925, for leave to file a claim for a royalty or owner's interest in a part of the impounded funds in the receiver's custody is denied,—because, as appears from the receiver's thirteenth report before mentioned, no claim thereto was presented by that State within the period prescribed by paragraph 18 of the order of June 9, 1924, because that period has long since expired, and because to permit such a claim by the State to be presented and entertained at this time would unreasonably prolong the receivership and would be inequitable to other claimants whose claims were seasonably presented.

8. The several conflicting claims to impounded funds derived from wells 152, 153, 154, 157, 159, 160, 162, 165, 169, 170 and 172 presented to the receiver under paragraph 18 of the order of June 9, 1924, and reported in his thirteenth report before mentioned, are referred to Joseph M. Hill, Esquire, of Fort Smith, Arkansas, as a special master, with directions that such special master take the evidence bearing on such claims and report the same to the court, together with his findings of fact, conclusions of law and recommendations in the premises, for the ultimate consideration and action of the court. The evidence shall be taken at Wichita Falls, Texas, and the taking thereof shall begin February 16, 1925, and shall proceed with reasonable expedition and be concluded not later than March 7, 1925. The report of the special master shall be

filed with the clerk within thirty days after the evidence is taken, and shall be printed by the clerk. Claimants shall have fifteen days after the filing of the report within which to prepare, print and file exceptions to it accompanied by supporting briefs. The special master shall have authority to issue subpoenas to secure the attendance of witnesses, and also authority to employ competent stenographic and clerical assistance. Claimants shall be permitted to introduce and use in evidence any documents or other instruments appearing in the printed records in this cause without procuring new exemplifications thereof or presenting other proof of their authenticity or identification. The special master shall receive an allowance covering his actual expenses and a reasonable compensation for his service. This allowance, together with the cost of his stenographic and clerical assistance and the cost of printing his report, shall be charged against and be borne by the several claimants in such proportions and in such manner as the court hereafter may direct. Each claimant, however, shall make to the clerk an advance payment of fifty dollars towards such costs within twenty days from this date; and in default thereof the claimant shall be deemed to have abandoned his claim.

9. If, before the time fixed for taking evidence under the last paragraph, the several conflicting claimants to any particular fund make and present to the receiver a stipulation adjusting their differences and settling their rights to such fund, or providing that the fund shall be paid over to a trustee of their selection to await an adjustment or adjudication of their claims through some medium other than this court, the receiver shall be authorized to give effect to such stipulation and to pay over the fund as therein provided, and the stipulation shall operate to withdraw the claims covered by it from the reference to the special master.